IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALANCOURT BOOKS, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>KARYN A. TEMPLE, in her official capacity as the Acting Register of Copyrights, United States Copyright Office *et al.*<br><br>    *Defendants.* | Civil Case No. 1:18-cv-01922-ABJ |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

    Defendants Karyn A. Temple, in her official capacity as the Acting Register of Copyrights of the U.S. Copyright Office, and Matthew G. Whitaker, in his official capacity as Acting Attorney General of the United States, by and through their undersigned counsel, hereby answer Plaintiff's Complaint. Defendants specifically deny each and any allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer. Answering the numbered paragraphs of Plaintiff's Complaint, Defendants respond as follows:

**Introduction**

    1.    The first sentence of this paragraph characterizes Plaintiff's Complaint, to which no response is required. The second and third sentences of this paragraph consist of legal conclusions that require no response.

    2.    The first sentence of this paragraph characterizes the provisions of the Copyright Act, to which this Court is referred for a full and complete statement of its contents. *See* 17 U.S.C. 407. The second sentence of this paragraph consists of legal conclusions that require no response. The third sentence of this paragraph consists of legal conclusions, to which no response is required. Defendant respectfully refers the Court to 17 U.S.C. § 102 *et seq.* for a full

and complete explanation of the legal requirements for copyright protection. The fourth sentence of this paragraph consists of legal conclusions, to which no response is required.

3. Defendants admit that the Copyright Office sent a letter to Plaintiff requesting deposit of 341 books. That letter speaks for itself and is the best evidence of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first three sentences of this paragraph. The fourth sentence of this paragraph consists of legal conclusions that require no response. The fifth sentence of this paragraph characterizes Plaintiff's Complaint, to which no response is required.

## Jurisdiction and Venue

4. This paragraph characterizes Plaintiff's Complaint and consists of legal conclusions, to which no response is required.

5. This paragraph characterizes Plaintiff's Complaint and consists of legal conclusions, to which no response is required.

6. This paragraph consists of legal conclusions, to which no response is required.

7. This paragraph consists of legal conclusions, to which no response is required.

## Parties

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Defendants admit that Karyn A. Temple is the Acting Register of Copyrights and Director of the United States Copyright Office. Defendants admit that the Copyright Office, under its authority in 17 U.S.C. § 407(d), sent Plaintiff letters on June 11 and August 9, 2018, the contents of which speak for themselves. Defendants further admit that the Copyright Office is located in Washington, D.C. Except as expressly admitted, Defendants deny the remaining allegations of this paragraph.

10. The first sentence of this paragraph is denied. Matthew G. Whitaker is now the Acting Attorney General of the United States and would be substituted in this action pursuant to Federal Rule of Civil Procedure 25(d). Defendants admit that the Attorney General is considered

to be the chief law enforcement officer of the federal government, and otherwise deny the remaining allegations of this paragraph.

## Factual Allegations

### *Valancourt Books*

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30. Defendants admit that some of the works that Plaintiff publishes are subject to copyright protection.  What qualifies those works for copyright protection is a legal conclusion that requires no response.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

31. Defendants admit that some of the works that Plaintiff publishes are subject to copyright protection.  What qualifies those works for copyright protection is a legal conclusion that requires no response.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

*The Mandatory Deposit Requirement*

32. This paragraph characterizes 17 U.S.C. § 407(a), to which no response is required. This Court is referred to the cited statutory provision for a full and accurate statement of its contents.

33. Admitted.

34. This paragraph characterizes 17 U.S.C. § 407(d), to which no response is required. This Court is referred to the cited statutory provision for a full and accurate statement of its contents.

35. This paragraph characterizes 17 U.S.C. § 407(d), to which no response is required. This Court is referred to the cited statutory provision for a full and accurate statement of its contents.

36. Defendants deny the first sentence of this paragraph but admit that U.S. copyright law has included a provision requiring copyright owners to deposit copies of their works, subject to the specific provisions of the relevant law, since 1790. The remainder of this paragraph constitutes legal conclusions to which no response is required.

37. This paragraph characterizes *Wheaton v. Peters*, 33 U.S. 591, 592 (1834), and contains legal conclusions to which no response is required. This Court is referred to the cited decision for a full and accurate statement of its contents. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph

38. This paragraph characterizes two statutory provisions and contains legal conclusions to which no response is required. This Court is referred to the cited statutory provisions for a full and accurate statement of their contents.

39. This paragraph characterizes Pub. L. No. 94-553, and contains legal conclusions to which no response is required. This Court is referred to the cited Public Law for a full and accurate statement of its contents.

40. Defendants admit that the Berne Convention for the Protection of Literary and Artistic Works was first accepted in 1886. Defendants further admit that the effective date for United States adherence to the Berne Convention is March 1, 1989, effectuated through the

Berne Convention Implementation Act of 1988, Pub. L. No. 100-568.  Defendants deny the third sentence of this paragraph.  The remaining allegations of this paragraph constitute characterizations of laws and legal conclusions, to which no response is required.

41. This paragraph characterizes statutory provisions and contains legal conclusions to which no response is required.  The Court is referred to the cited provisions for a full and accurate statement of their contents.

42. This first sentence of this paragraph characterizes 17 U.S.C. § 407(c), to which no response is required.  This Court is referred to that statutory provision for a full and accurate statement of its contents.  The second sentence of this paragraph characterize 37 C.F.R. § 202.19(c), to which no response is required.  This Court is referred to the cited regulation for a full and accurate statement of its contents.  Defendants deny the third sentence of this paragraph.

43. This paragraph characterizes 17 U.S.C. §§ 411 and 412, to which no response is required.  This Court is referred to those statutory provisions for a full and accurate statement of their contents.

44. Defendants admit that with respect to some works, 17 U.S.C. § 408 requires copyright registrants to deposit copies of the works.  This Court is referred to that statutory provision for a full and accurate statement of its contents.  Defendants deny the remaining allegations of this paragraph.

45. Defendants admit that the Copyright Office has employees whose job duties include communicating with copyright owners about depositing works published in the United States with the Library of Congress.  Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.

*The Valancourt Demand Letter*

46. Defendants admit that on June 11, 2018, the Copyright Office sent an email with attachments to James Jenkins regarding compliance with the mandatory deposit requirement.  The remaining allegations in this paragraph are denied.

47. This paragraph characterizes Exhibit B to the Complaint, to which no response is required. The Court is referred to that exhibit for a full and accurate statement of its contents.

48. This paragraph characterizes an exhibit to the Complaint, to which no response is required. The Court is referred to that exhibit for a full and accurate statement of its contents.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. Defendants admit that the Copyright Office received an email from Mr. Jenkins on June 12, 2018. The remaining allegations in this paragraph characterize Exhibit C to the Complaint, to which no response is required. The Court is referred to that Exhibit for a full and accurate statement of its contents.

52. This paragraph characterizes Exhibit C to the Complaint, to which no response is required. The Court is referred to that exhibit for a full and accurate statement of its contents.

53. This paragraph characterizes Exhibit C to the Complaint, to which no response is required. The Court is referred to that exhibit for a full and accurate statement of its contents.

54. Defendants admit that the Library of Congress has received books from Plaintiff in the past through the Cataloging-in-Publication program. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph 54.

55. Defendants admit that the Copyright Office responded to Mr. Jenkins' email on August 9, 2018. The remaining allegations in this paragraph characterize Exhibit D to the Complaint, to which no response is required. The Court is referred to that Exhibit for a full and accurate statement of its contents.

56. Admitted.

57. Denied.

58. This paragraph characterizes Exhibit E to the Complaint, to which no response is required. The Court is referred to that exhibit for a full and accurate statement of its contents.

**Alleged Injury to Plaintiff**

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

63. This paragraph consists of legal conclusions and of a characterization of 17 U.S.C. 407, to which no response is required. The Court is referred to that statutory provision for a full and accurate statement of its contents.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph 64.

**Alleged Constitutional Violations**

**Count I**
**(Fifth Amendment to the U.S. Constitution: Alleged Taking of Private Property Without Just Compensation)**

65. Defendants incorporate herein their prior responses to Paragraphs 1-64.

66. The allegations in this paragraph constitute legal conclusions to which no response is required.

67. The allegations in this paragraph constitute legal conclusions to which no response is required.

68. The allegations in this paragraph constitute legal conclusions to which no response is required.

69. The allegations in this paragraph constitute legal conclusions to which no response is required.

70. The allegations in this paragraph constitute legal conclusions to which no response is required.

## Count II
### (First Amendment to the U.S. Constitution)

71. Defendants incorporate herein their prior responses to Paragraphs 1-70.

72. The allegations in this paragraph constitute legal conclusions to which no response is required.

73. The allegations in this paragraph constitute legal conclusions to which no response is required.

74. The allegations in this paragraph constitute legal conclusions to which no response is required.

75. The allegations in this paragraph constitute legal conclusions to which no response is required.

76. The allegations in this paragraph constitute legal conclusions to which no response is required.

77. The allegations in this paragraph constitute legal conclusions to which no response is required.

78. The allegations in this paragraph constitute legal conclusions to which no response is required.

### Prayer For Relief

Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

### First Affirmative Defense

Defendants reserve the right to amend their Answer with additional defenses of which they may become aware and to raise any other matter constituting an avoidance or affirmative defense.

Dated:  November 21, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ERIC WOMACK
Assistant Branch Director

JESSIE K. LIU
United States Attorney

   /s/  Daniel Riess
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, N.W.
Washington, D.C.  20005
Tel: (202) 353-3098
Fax: (202) 616-8460
Daniel.Riess@usdoj.gov
*Attorneys for Defendants*