UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Valancourt Books, LLC

      *Plaintiff,*

           v.

Karyn A. Temple, in her official capacity as
Register of Copyrights, United States
Copyright Office *et al.*,

      *Defendants.*

Civil Case No. 18-cv-1922

---

**JOINT STIPULATIONS OF FACT**

---

For purposes of the above-captioned action, the parties hereby stipulate to the following facts. The parties have agreed that these stipulations apply exclusively to this action and do not constitute admissions for any other purposes, including other proceedings. Stipulations regarding the state of mind of individuals or entities are based on representations of counsel made during an informal discovery process.

### *Parties*

1.    Plaintiff Valancourt Books is a limited liability company organized under the laws of Virginia. It is a resident of Richmond, VA.

2.    Defendant Karyn Temple is sued in her official capacity as the Register of Copyrights and Director of the U.S. Copyright Office. That office is responsible for enforcing the mandatory book deposit requirement under 17 U.S.C. § 407. The Copyright Office is located in the District of Columbia.

3.      Defendant William Pelham Barr is sued in his official capacity as the Attorney General of the United States, in which capacity he is responsible for the administration of the United States Department of Justice. The Department of Justice is the governmental entity that would be responsible for initiating a lawsuit to enforce any fines for noncompliance with section 407.

### *Valancourt Books*

4.      Valancourt Books is a small, independent press located in Richmond, Virginia, which publishes rare, neglected, and out-of-print fiction, including 18th century gothic novels, Victorian horror novels, forgotten literary fiction, and early LGBT fiction.

5.      Valancourt was founded in 2005 by James Jenkins.

6.      In 2004, Jenkins was a recent law school graduate dissatisfied with the opportunities available in the competitive Seattle legal market. He ultimately decided to apply to graduate programs in French and English literature.

7.      Jenkins was required to write an essay to accompany his graduate school applications, and he wanted to write about an 18th-century gothic novelist who had long interested him—Francis Lathom.

8.      It turned out that most of Lathom's works were available in only one location in North America, the University of Nebraska at Lincoln, and only on microfiche. Undeterred, Jenkins and his husband drove from Seattle to Lincoln, obtained copies of the microfiche of Lathom's work, along with some other works, and returned to Seattle.

9.      Jenkins thought there would be some interest in these old titles, so he decided to try publishing two of them himself: *The Animated Skeleton* (1798), an anonymous gothic novel, and Lathom's *The Castle of Ollada* (1795).

10.     Over the course of several months, Jenkins and his husband typed out the manuscripts, using microfiche readers at the public library. They found a printing company willing to do small runs of 250 copies per book, and they released both novels in March of 2005.

11.     Jenkins named the fledgling operation "Valancourt Books." The name is a reference to both the dashing hero of Ann Radcliffe's 1794 novel *The Mysteries of Udolpho*, and to an essay by W.M. Thackeray during the Victorian era in which he laments that young readers were no longer familiar with Radcliffe's works because, like many great novels, they were out of print. The name Valancourt therefore reflected Jenkins' goal of resurrecting great, forgotten literature.

12.     After Valancourt published its first two books, all subsequent books were published "on-demand," a publishing method where each copy is printed in response to a specific order or request.

13.     Valancourt's publications attracted the attention of scholars. The fourth book Valancourt published—the anonymous *The Cavern of Death* (1794)—was edited by Professor Allen Grove, of Alfred University. Many subsequent Valancourt books have also been edited by respected university professors.

14.     Valancourt was initially a side project for Jenkins. He continued to publish books while completing a Master's degree at the University of Chicago and while working for a nonprofit organization in Kansas City.

15.     Over the years, as Jenkins expanded Valancourt's catalog and refined his editing process, he was able to turn Valancourt into a profitable—yet small—independent press. In 2012, Jenkins decided to make Valancourt his full-time occupation.

16.     Today, Valancourt has over 400 books in its catalog, and it adds approximately 20 titles per year.

17.     Many of the books that Valancourt publishes are so rare that, prior to Valancourt's reprinting, they existed in only a handful of copies worldwide. Indeed, some books existed in just a single known copy.

18.     Many of Valancourt's books are now taught in college literature courses, and Valancourt's work has won wide acclaim from publications such as *The Times Literary Supplement*, *The Washington Post*, and *The New York Times*.

19.     Despite this acclaim, Valancourt is not a high volume publisher. It is not unusual for Valancourt to sell only a few hundred copies of any particular title, though some titles sell more than that.

20.     Valancourt believes its business is only viable because of the advent of digital, print-on-demand publishing technology. Rather than producing a run of thousands of books and storing the inventory to fulfill future orders, Valancourt's books are printed one-at-a-time by a digital printing vendor. When a customer places an order, the vendor uses files provided by Valancourt to print a single bound volume to fulfill that order and ships the book directly to the customer. Orders may not be exclusively from individual consumers; booksellers sometimes order a batch of books printed by the vendor for their own stock and sales; these orders, like any other, are fulfilled on an on-demand basis by Valancourt's digital printing vendor.

21.     In some instances, Valancourt orders copies of its books from its vendor for purposes other than delivery to a paying consumer. For example, Valancourt will have its vendor print copies of books in response to journalist requests for review copies, or on occasion for use at conferences or conventions.

22.     Valancourt has copies in electronic format of all or nearly all of the 240 books at issue in this case.

23.     Jenkins and his husband operate Valancourt out of their home, and they have no employees. Jenkins has edited several Valancourt titles himself and has recruited scholarly editors and commentators for others. He spends a substantial amount of time traveling for research and to attend and present at academic conferences in order to promote Valancourt's work and speak with prospective editors for new volumes.

24.     Many of the works that Valancourt publishes are older works in the public domain, though the editorial enhancements that Valancourt adds to the works—such as scholarly introductions and footnotes—are subject to U.S. copyright protection.

25.     Other works that Valancourt publishes are more recent and therefore still subject to copyright protection even though they are out of print. For these titles, Jenkins frequently needs to spend considerable amounts of time tracking down the rightsholder or the rightsholder's heir in order to secure permission to republish the book.

26.     Valancourt has never sought to register its copyright claims in any material in its books with the Copyright Office under 17 U.S.C. § 408.

27.     Valancourt's website provides contact information for those seeking to license film and translation rights in its books. Valancourt does not hold film rights to any of its books and passes any inquiries regarding film rights on to the relevant rightsholder. Valancourt has licensed translation rights to books in its catalog on no more than three occasions.

28.     Valancourt's books contain statements about their status under relevant copyright law that are true and correct to the best of Valancourt's knowledge. Because all (or nearly all)

Valancourt books contain at least some material that is subject to copyright protection in the United States or United Kingdom, all (or nearly all) Valancourt books contain a copyright notice.

29.     Valancourt believes that all or nearly all books that it publishes, including each of the 240 books at issue in this case, contain copyrightable material and therefore all or nearly all of the books Valancourt publishes contain a copyright notice—that is, a statement (which is accurate to the best of Valancourt's knowledge) regarding the legal status of that material. Some of these books also contain an express reservation of rights. For example, several of the 240 books at issue in this case contain the following statement: "All rights reserved. The use of any part of this publication reproduced, transmitted in any form or by any means, electronic, mechanical, photocopying, recording, or otherwise, or stored in a retrieval system, without prior written consent of the publisher, constitutes an infringement of the copyright law." Where this statement appears in a Valancourt publication, Valancourt believes it is an accurate statement of the law to the best of Valancourt's knowledge.

30.     Valancourt has taken no steps to abandon or disclaim any of its copyrights in the books it publishes. Valancourt believes it could not plausibly take steps to abandon all copyrights in the 240 books listed in the Office's August 2018 demand because it believes that a portion of those books contain material in which copyright is held by parties other than Valancourt.

### *The Library of Congress*

31.     The Library of Congress is the national library of the United States, serving as the main research arm of the U.S. Congress and providing the public with a uniquely important repository of the nation's cultural output. Founded in 1800, the Library is the largest library in the world, with collections comprising over 168 million items, including more than 39 million cataloged books and other print materials and the world's largest collection of legal materials,

6

films, maps, sheet music, and sound recordings. In fiscal year 2018, the Library responded to over a million reference requests from Congress, federal agencies, and the public. The Library's components include the Congressional Research Service, which provides authoritative research and analysis for Congress, and the National Library Service for the Blind and Physically Handicapped, which provides books in accessible formats to persons with disabilities.

32.     To provide these services, the Library adds approximately 10,000 items to its collections daily. A portion of these materials are transferred to the Library from the Copyright Office. The Library also acquires materials through gift, purchase, transfer from other government agencies, Cataloging in Publication (a pre-publication arrangement with publishers), and exchange with libraries in the United States and abroad.

33.     Works acquired by the Library are preserved and made part of the national collection for future generations. The Library engages in a diverse array of preservation efforts to ensure long-term public access to a broad range of materials, including rare and limited-edition works.

34.     The Library also makes cataloging information about the works in its collections publicly available online, facilitating their accessibility to publishers, researchers, students, and other users throughout the world.

35.     One of the ways in which the Library builds its collections is through the acquisition of works under 17 U.S.C. § 407.

### The Mandatory Deposit Requirement

36.     Section 407 provides that "the owner of copyright or of the exclusive right of publication in a work published in the United States shall deposit [with the U.S. Copyright

Office], within three months after the date of such publication . . . two complete copies of the best edition" "for the use or disposition of the Library of Congress." 17 U.S.C. § 407(a).[1]

37.     If a copyright owner fails to deposit copies of a work pursuant to section 407(a), "the Register of Copyrights may make written demand for the required deposit on any of the persons obligated to make the deposit under subsection (a)." 17 U.S.C. § 407(d).

38.     If the owner does not comply with the written demand within three months, he can be fined up to $250, plus the retail price of the work. 17 U.S.C. § 407(d).

39.     A "willful[] or repeated[]" failure to comply with a deposit demand can subject the copyright owner to a fine of up to $2,500.

40.     Under section 407(c), "[t]he Register of Copyrights may by regulation exempt any categories of material from the deposit requirements of this section, or require deposit of only one copy or phonorecord with respect to any categories."

41.     As relevant here, the Copyright Act has been amended on a number of occasions. One of those occasions is the Copyright Act of 1976, which is codified in Title 17 of the U.S. Code.

42.     The Copyright Act was further amended in 1988 by the Berne Convention Implementation Act, Pub. L. No. 100-568, which amended various parts of Title 17 to implement the Berne Convention for the Protection of Literary and Artistic Works. One of the amendments modified 17 U.S.C. § 407, resulting in the current statutory language.

43.     As a result of these amendments, and as summarized on the Copyright Office's website, "[a]ll works under copyright protection that are published in the United States are

---

[1] Because Valancourt only publishes books and not any other copyrightable work, these stipulations concern only the mandatory-deposit requirement as it relates to books. To the extent any stipulation is ambiguous on this point, the parties intend that stipulation to be construed as referring to physical books rather than any other type of copyrightable work.

subject to the mandatory deposit provision of the copyright law," unless exempted by regulation. *See* Mandatory Deposits, https://www.copyright.gov/mandatory/. Section 407 "requires that two copies of the best edition of every copyrightable work published in the United States be sent to the Copyright Office within three months of publication." *Id.*

44.    The Copyright Act provides that the "Register of Copyrights may by regulation exempt any categories of material from the deposit requirements of this section, or require deposit of only one copy or phonorecord with respect to any categories." 17 U.S.C. § 407(c). Pursuant to that authority, the Register has issued regulations exempting particular works. 37 C.F.R. § 202.19(c).

### *Acquisition and Disposition of Books*

45.    The Copyright Office receives copyright deposits of books through both copyright registration and the mandatory deposit system. In many cases, a copyright owner can satisfy the section 407 mandatory deposit requirement by applying to register the copyright in accordance with 17 U.S.C. § 408.

46.    Though copyright applicants must generally deposit two copies of their work with the Copyright Office, 17 U.S.C. § 408(b)(2), the Copyright Office has issued regulations requiring a single deposit for most literary works that are published in one volume or a finite number of volumes. 37 C.F.R. § 202.19(d)(ix). After the Office completes its review of the application, it will offer the copy to Library Services for inclusion in its collections to satisfy the mandatory deposit requirement, and the Office also reserves the right to demand a second copy should the Library need it.

47.     Alternatively, the owner can satisfy the section 407 mandatory deposit requirement without seeking a copyright registration by submitting the required copies to the Copyright Office.  17 U.S.C. § 407(b).

48.     The Copyright Office division charged with enforcement of the mandatory deposit requirement is the Copyright Acquisitions Division ("CAD"). CAD receives and records copies of works submitted in accordance with section 407. Approximately 25 people are employed within CAD, of whom approximately 12 work in acquisitions (rather than administration or technical processing).

49.     These approximately 12 people are divided into two-person "acquisitions teams," which consist of one specialist and one copyright technician.

50.     Most works received by the Copyright Office are received through unsolicited submissions, which include works submitted by publishers complying with the requirements of § 407.

51.     Sometimes CAD solicits deposits by sending demand letters to publishers requesting that the publisher provide copies of materials covered by section 407. From the first quarter of fiscal 2013 through the first quarter of fiscal 2019, CAD demanded 27,847 books through demand letters of this sort.

52.     These demands are generated in two ways. First, staff at the Library of Congress identify works they would like to include within their collection and send a request for acquisition to CAD. This identification process is based in part on Collections Policy Statements developed by the Library for specific subject area acquisitions, and Selection guidelines to help identify the format, edition, and number of copies required. When CAD receives a request for acquisition generated by the Library of Congress, the acquisitions team responsible for the

particular publisher evaluates the request to determine whether the title is within scope for demand under § 407.

53.     Second, acquisitions teams in CAD conduct "publisher reviews" in which they independently identify copyrightable material that is subject to the mandatory-deposit requirement but has not been deposited pursuant to § 407. If an acquisitions team determines that a title is covered by § 407, the team then determines whether the title is within the scope of the Collections Policy Statements.

54.     True and correct copies of the Library's current Collections Policy Statements, organized by subject matter, are available at www.loc.gov/acq/devpol/cpsstate.html.

55.     In both situations, if it is determined that a title is within the scope of a Collections Policy Statement and is subject to the mandatory-deposit requirements of section 407, CAD sends a demand letter to the relevant publisher seeking deposit of the title(s) in question. Because CAD issues such letters only where a work falls within the scope of a Collections Policy Statement, many published works do not become subject to a demand.

56.     Acquisitions teams largely conduct these publisher reviews through internet research. Each acquisitions team is responsible for one segment of the publishing industry, with the industry segmented alphabetically by publisher name.

57.     More titles are demanded as a result of publisher reviews than are demanded as a result of requests for acquisition from the Library of Congress. Of the 27,847 titles demanded from fiscal year 2013 through the first quarter of fiscal 2019, 22,611 were demanded as a result of publisher reviews and 5,236 were demanded as a result of Library requests.

58.     A publisher who believes that it would be excessively burdensome to comply with a demand that it comply with the mandatory-deposit requirement can request a grant of "special

relief" from the Copyright Office. Under Copyright Office regulations, the Register of Copyrights may, after consultation with other appropriate officials of the Library, grant a request for special relief from section 407 for a published work that is not otherwise exempt. 37 C.F.R. § 202.19(e). For example, special relief might permit deposit in a format that would not otherwise be considered the "best edition" of a work (*e.g.*, an electronic format).

59. While the Copyright Office does not provide a formal application form for requests for special relief, its regulations require that requests for special relief be made in writing to the Associate Register of Copyrights and Director of the Office of Registration Policy and Practice and set forth the specific reasons relief should be granted. 37 C.F.R. § 202.19(e)(3). Consistent with its general practice, the Office in the past has raised the option of special relief directly with copyright owners who express concerns regarding potential burdens. The Copyright Office generally receives fewer than 10 communications per year that it treats as requests for special relief. In 2017 and 2018, the Copyright Office granted every special relief request it received.

60. Publishers often request special relief to allow them to submit an electronic copy of a work rather than a physical deposit. The Copyright Office has multiple ongoing special relief agreements that permit this arrangement.

61. Valancourt Books' June 12, 2018 email to the Copyright Office (detailed below) was not treated as a request for "special relief." However, in March of 2019, the Copyright Office and the Library informed Valancourt that they are willing to accept electronic copies of the books listed in the Office's August 9, 2019 demand letter to Valancourt (detailed below) in lieu of physical copies.

62.     While Valancourt Books has never submitted a book to the Library for purposes of copyright registration or the mandatory deposit requirement, it has participated in the Cataloging in Publication program, under which a publisher contracts to provide a copy of a publication to the Library in exchange for the Library providing preliminary cataloging information. When James Jenkins first began Valancourt Books, he routinely provided the Library of Congress with copies of Valancourt's books in exchange for Library of Congress catalog control numbers. After depositing more than 100 titles, Jenkins determined that the cost of sending each new title to the Library of Congress was greater than the value the business obtained from the catalog control number, and he discontinued the practice.

63.     Books provided to the Library for purposes of the Cataloging-in-Publication program do not count towards meeting a publisher's obligations under section 407.

64.     Most of the books the Copyright Office receives are deposited for purposes of copyright registration rather than simply for purposes of compliance with the mandatory-deposit requirement.

65.     Books provided to the Library for purposes of Cataloging-in-Publication do not count towards meeting a publisher's obligations under § 407, though CAD may take those copies into account when determining whether to issue a demand, and for how many copies.

66.     In fiscal 2017, the Copyright Office transferred 172,777 physical book deposits to the Library of Congress. Of these books, 137,223 were received through copyright registration and 35,554 were received through the mandatory-deposit requirement.

67.     Each year, the Library of Congress receives a large volume of materials that it does not retain in its permanent collections for various reasons, including space limitations and Library selection policies. In addition to materials deposited with the Copyright Office, these

include unsolicited gifts, excess Cataloging in Publication books, and books deaccessioned from collections.

68.     When the Library of Congress receives books from any source, including the Copyright Office, that it is chooses not to keep in its permanent collection, it processes the books in a series of steps:

    a.  First, the Library reviews these materials to see if they are suitable for the Duplicate Materials Exchange Program.  In this program, the Library exchanges excess materials with foreign libraries and educational institutions for materials the Library wants to add to its collection. In 2018, the Library exchanged 9,752 books (derived from all sources, not just Copyright Office deposits) through this program.

    b.  If materials are not deemed suitable for the Duplicate Materials Exchange Program, they can be made available to domestic nonprofits, libraries, or government entities through the Library's Surplus Books Program. Books made available through this program are kept in a single physical location in Washington, D.C. Qualifying entities wishing to obtain books through the Surplus Books Program (such as schools, public libraries, and museums) must send a representative to that location, where they are free to select any books they want. In 2018, 76,129 books were distributed through the Surplus Books Program.

    c.  If books are not claimed through the Surplus Books Program after a certain period, they are destroyed. The Library also destroys books that it deems ineligible or inappropriate for the Exchange or Surplus Books

Programs, such as pornographic material. The Library does not track how many books are destroyed in a given year.

69.     Some of the books disposed of through the above-described process may have been books submitted to the Copyright Office pursuant to section 407, but neither the Library nor the Copyright Office tracks exactly how many. However, books demanded by CAD typically would not be disposed of because such books are requested specifically for the purpose of inclusion in the Library's collections, though books demanded by CAD could be disposed of if, for example, the Library separately acquired (through gift or other means) a copy of the demanded book after the demand was sent.

### *The Valancourt Demand Letter*

70.     In the process of researching publishing activity that might be within scope for demand under § 407, a CAD acquisitions team became aware of Valancourt Books and its publications. The team determined that Valancourt's books were within scope of the Library's Collections Policy Statements and warranted inclusion in the Library's collections due in part to their historical significance.

71.     On June 11, 2018, the Copyright Office sent an email to Jenkins at his Valancourt Books email address, a true and correct copy of which is attached as Exhibit A. The email contained two attachments.

72.     The first attachment was a letter addressed to Jenkins, from Michael Lind, an Acquisitions Specialist with the Copyright Office, a true and correct copy of which is attached as Exhibit B.

73.     The second attachment was a file containing Notices for Mandatory Deposit of Copies for 341 books published by Valancourt. Each Notice requests deposit of one copy of the

listed title. At the bottom of each page is the sentence: "If you cannot supply this item, return this notice with the reason indicated below." A sample Notice is attached hereto as Exhibit C.

74.     Although Jenkins was familiar with the copyright registration process, he had been unaware of the existence of the mandatory deposit requirement for all copyrightable materials, whether registered or not.

75.      As a small, print-on-demand publisher, Valancourt does not typically maintain physical copies of its books, and it does not have a distributor. Instead, Valancourt uses Lightning Source, a print-on-demand service that fills orders on an as-needed basis. Valancourt only has hard copies of books available on rare occasions for specific purposes such as books printed for the purpose of exhibition at a conference or convention.

76.     Jenkins replied to the Copyright Office's email on June 12, 2018. A true and correct copy of this response is attached as Exhibit D.

77.     After receiving Jenkins's email, CAD consulted publicly available online sources in an effort to limit the demand to books containing newly added material.

78.     On August 9, 2018, the Copyright Office replied to Jenkins's email. A true and correct copy of this response is attached as Exhibit E.

79.     The Copyright Office's August 9, 2018, email had two attachments: a new demand letter, a true and correct copy of which is attached as Exhibit F, and a new PDF file containing Notices for Mandatory Deposit of Copies, a sample Notice from which is attached as Exhibit G. The new Notices identified only 240 books rather than the 341 books initially demanded.

80.     The parties engaged in no further communication until the complaint in this case was filed on August 16, 2018.

81.     After this lawsuit was filed, the parties agreed to voluntarily toll the enforcement of the demand letter, including the accrual of any associated fines, during the pendency of litigation. That agreement remains in force, and Valancourt has to date neither complied with the Copyright Office's demands nor become subject to any fines. The Copyright Office has not referred Valancourt's case to the Department of Justice for enforcement of any fines under section 407.

Respectfully submitted,

/s/ Robert J. McNamara

Robert J. McNamara
Jeffrey Redfern
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, Virginia 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: rmcnamara@ij.org
*Attorney of Record for Valancourt Books, LLC*


JOSEPH H. HUNT
Assistant Attorney General

ERIC WOMACK
Assistant Branch Director

JESSIE K. LIU
United States Attorney

 /s/ Daniel Riess
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-3098

17

Fax: (202) 616-8460
Daniel.Riess@usdoj.gov
*Attorneys of Record for Defendants*

# EXHIBIT A

| Subject: | Copyright Mandatory Deposit Request of Case#1-6614928581 |
|---|---|
| From: | Coles, Angela (adua@copyright.gov) |
| To: | jjenkins@valancourtbooks.com; |
| Cc: | gothic@valancourtbooks.com; |
| Date: | Monday, June 11, 2018 4:43 PM |

Copyright Mandatory Deposit Request of Case#

Dear Mr. Jenkins,

Please view the attached files.

For more information about Copyright Mandatory  Deposits, please click on the following links:

https://www.copyright.gov/circs/circ01.pdf

https://www.copyright.gov/circs/circ07b.pdf

https://www.copyright.gov/circs/circ07c.pdf

https://www.copyright.gov/circs/circ07d.pdf

https://www.copyright.gov/circs/circ02.pdf

**Please send the deposits to the following address:**

**Michael Lind**
**Library of Congress**
**ATTN: Copyright Acquisitions Division-CAD/AD**
**101 Independence Avenue SE**
**Washington, DC 20559-6601**

**To avoid misrouting, a copy of the notice must be returned with your deposit/package.**

**Please send me a tracking number as soon as you ship the package.**

Please do not hesitate to contact me if you need further assistance.

Thank you,

Sincerely,

**Angela Coles**

Acquisitions Assistant, Copyright Acquisitions Division

U.S. Copyright Office

LM-526

adua@copyright.gov

Tel: 202-707-4591

Fax: 202-707-4435

---

## Attachments

- FirstMandatoryDepositLetter_MONOS AND SHEET MUSIC.pdf of Case#1-6614928581.pdf (204.75KB)
- FirstMandatoryDepositNotice.pdf of Case#1-6614928581.pdf (12.47MB)

# EXHIBIT B



**CAD**

**United States Copyright Office**

Library of Congress • 101 Independence Avenue SE • Washington DC 20559-6000 • www.copyright.gov

## NOTICE FOR MANDATORY DEPOSIT OF COPIES

June 11, 2018

Valancourt Books
Attn: James Jenkins
PO Box 17642
Richmond, VA 23226
United States

Dear Mr. Jenkins:

This document constitutes written demand for the required deposit, under section 407 of the copyright law (17 U.S.C.), of one complete copy (unless otherwise noted) of the best edition of the work(s) cited on the attached deposit notice(s), for the use or disposition of the Library of Congress.

For all works published in the United States under copyright protection, section 407 of the copyright law (17 U.S.C.) obligates the owner of copyright or of the exclusive right of publication/distribution in the work to make the required deposit within three months of publication. Under Federal Regulation 37 CFR 202, the requirement for most classes of literary works (monographs) and sheet music is one copy, although the Copyright Office may demand two copies if the Library deems it necessary, and retains the right to demand a second copy at a later date if one only copy is received. The Register of Copyrights may make written claim for either one or two copies any time after publication. **Please consult individual notice sheet(s) for number of copies required for each title at this time.** The obligation to deposit published works under copyright protection exists regardless of whether copyright registration is sought.

To comply with this Notice and facilitate processing, please send the required copies of the best edition for each title and **enclose the corresponding deposit notices inside each shipment**. You must make the required deposit by the **Statutory Deadline Date of** September 9, 2018. Failure to comply will make you liable to the following penalties prescribed by the copyright law: (1) a fine of up to $250 per work, and (2) the total retail price of the copies demanded. Willful and repeated failure to comply could incur an additional fine of $2,500. If any of the works demanded have not been offered for sale in the United States, or if you are not the owner of copyright or of the exclusive right of publication/distribution, please notify me immediately.

This letter also serves as a reminder that under section 407 of the copyright law you must deposit one copy of each work within three months of publication in the United States. In the future, we encourage you to establish a regular procedure of sending one copy of each work immediately after publication to the Copyright Office. Please see www.copyright.gov/mandatory for more information. You may also want to consider the additional benefits of copyright registration.

We appreciate your cooperation in complying with the deposit requirement of the law and in helping to enrich the collections of the Library of Congress. **If you have any questions, feel free to contact me.**

Michael Lind
Acquisitions Specialist
Copyright Acquisitions Division
Phone: (202) 707-1816; Fax: (202) 707-4435
Email: mlind@loc.gov

# EXHIBIT C

**CAD**



**United States Copyright Office**
Library of Congress · 101 Independence Avenue SE · Washington, DC 20559-6000 · www.copyright.gov

## NOTICE FOR MANDATORY DEPOSIT OF COPIES

**Date:   June 11, 2018**
**Service Request No:   1-6466294472**
**Statutory Deadline Date:   September 9, 2018**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
**✳ 1 - 6 4 6 6 2 9 4 4 7 2 ✳**

| | |
|---|---|
| **Number of Copies:** | 1 |
| **Title:** | The Veiled Picture; or, The Mysteries of Gorgono / Ann Radcliffe, Edited by Jack G. Voller |
| **Imprint:** | Richmond, VA: Valancourt Books , 2006 |
| **ISBN:** | 9780977784189 |
| **Instructions:** | Please send 1 complete copy of the best edition.  For assistance, please contact Michael Lind at 202-707-1816 or mlind@loc.gov |

**Shipping Instructions: To avoid misrouting, a copy of this notice must be returned with your deposit.**

**US Postal Service Mail Only (and only for packages no larger than 12"X18"X4") use this address:**

Copyright Acquisitions Division (CAD)
P.O.Box 71480
Washington, DC 20024-1480

**Private carriers (FedEx, UPS, etc.) and for any package larger than 12"X18"X4" whether USPS or private carrier, use this address:**

Library of Congress
Copyright Office CAD/AD
101 Independence Ave, SE
Washington, D.C. 20559-6601

**Packaging:** If you send an audiotape, videotape, CD, CD-ROM, DVD use a box rather than a soft container to avoid damage in the mail screening process.

If you cannot supply this item, return this notice with the reason indicated below.
Fax: 202-707-4435

# EXHIBIT D

| Subject: | Re: Copyright Mandatory Deposit Request of Case#1-6614928581 |
| --- | --- |
| From: | James D. Jenkins (jjenkins@valancourtbooks.com) |
| To: | adua@copyright.gov; |
| Date: | Tuesday, June 12, 2018 10:58 AM |

Dear Angela,

Valancourt Books is a very small publisher (essentially a one-person operation), publishing print-on-demand reprints of old books, many of them in the public domain, and the rest previously published and registered and deposited with the Copyright Office when first published by their original publisher. And many of the books specified in your demand notice have previously been supplied by us to the Library of Congress in connection with the Cataloging-in-Publication program.

We keep no copies of our books on hand, and I estimate that to comply with your demand and print and ship to you 341 books would cost us in excess of $2,500, an onerous and unreasonably burdensome sum for a small operation such as this one.  I should note that the majority of these books are lucky to sell in the neighborhood of 100 copies each, meaning that we are not making a great deal of money on them and that a $2,500 expense is one we can ill afford.  And we can afford an $85,000 fine, of course, still less.

I would ask that you please withdraw your demand for free copies of these books.  I of course support the laudable goal of preserving books and knowledge, and would be happy to sell copies of any of these titles to the Library of Congress at our cost with no markup, if that would help.

Best regards,

James D. Jenkins
Publisher & Editor
Valancourt Books
http://www.valancourtbooks.com
(804) 873-8528

---

**From:** "Coles, Angela" <adua@copyright.gov>
**To:** "jjenkins@valancourtbooks.com" <jjenkins@valancourtbooks.com>
**Cc:** "gothic@valancourtbooks.com" <gothic@valancourtbooks.com>
**Sent:** Monday, June 11, 2018 4:43 PM
**Subject:** Copyright Mandatory Deposit Request of Case#1-6614928581

Copyright Mandatory Deposit Request of Case#

Dear Mr. Jenkins,

Please view the attached files.

For more information about Copyright Mandatory  Deposits, please click on the following links:

https://www.copyright.gov/circs/circ01.pdf

https://www.copyright.gov/circs/circ07b.pdf

https://www.copyright.gov/circs/circ07c.pdf

https://www.copyright.gov/circs/circ07d.pdf

https://www.copyright.gov/circs/circ02.pdf

**Please send the deposits to the following address:**

**Michael Lind**
**Library of Congress**
**ATTN: Copyright Acquisitions Division-CAD/AD**
**101 Independence Avenue SE**
**Washington, DC 20559-6601**

**To avoid misrouting, a copy of the notice must be returned with your deposit/package.**

**Please send me a tracking number as soon as you ship the package.**

Please do not hesitate to contact me if you need further assistance.

Thank you,

Sincerely,
**Angela Coles**
Acquisitions Assistant, Copyright Acquisitions Division
U.S. Copyright Office
LM-526
adua@copyright.gov
Tel: 202-707-4591
Fax: 202-707-4435

# EXHIBIT E

| | |
|---|---|
| **From:** | Coles, Angela |
| **Sent:** | Thursday, August 09, 2018 4:24 PM |
| **To:** | jjenkins@valancourtbooks.com |
| **Subject:** | Copyright Mandatory Deposit Request of Case#1-6614928581 (Revised) |
| **Attachments:** | FirstMandatoryDepositLetter_MONOS AND SHEET MUSIC.pdf of Case# 1-6614928581.pdf; FirstMandatoryDepositNotice.pdf of Case#1-6614928581.pdf |

Dear Mr. Jenkins,

Thank you for your response to my request, Mr. Jenkins. I carefully reviewed and performed further searches on these titles and as you stated many of them are in the public domain, some were previously registered and deposited in the Copyright Office; however, many of your titles are reprints with new introductions, new materials, edits...these are considered to be new intellectual property and are therefore copyrightable materials subjected to Copyright Mandatory request/demand.

You also mentioned that many of the books specified in my request or demand notice have been previously supplied your company  to the Library of Congress in connection with the Cataloging-in Publication program. CIP is different from Mandatory deposit; CIP produces a prepublication catalog record in exchange for a copy of the published work. The copy that is used to fulfill the CIP requirement does not fulfill the Mandatory Deposit requirement of the copyright law.

In light of some of the information you stated in your email I have eliminated some titles from the previous list, but there are  titles on the list that are still subjected to Copyright Mandatory Deposit.

Please view the attached file (Deposit Notice) for the revised list.

For more information about Copyright Mandatory  Deposits, please click on the following links:

https://www.copyright.gov/circs/circ01.pdf

https://www.copyright.gov/circs/circ07b.pdf

https://www.copyright.gov/circs/circ07c.pdf

https://www.copyright.gov/circs/circ07d.pdf

https://www.copyright.gov/circs/circ02.pdf

**Please send the deposits to the following address:**

**Michael Lind**
**Library of Congress**
**ATTN: Copyright Acquisitions Division-CAD/AD**
**101 Independence Avenue SE**
**Washington, DC 20559-6601**

**To avoid misrouting, a copy of the notice must be returned with your deposit/package.**

**Please send me a tracking number as soon as you ship the package.**

Please do not hesitate to contact me if you need further assistance.

Thank you,

Sincerely,
**Angela Coles**
Acquisitions Assistant, Copyright Acquisitions Division
U.S. Copyright Office
LM-526
adua@copyright.gov
Tel: 202-707-4591
Fax: 202-707-4435

---

**From:** James D. Jenkins [mailto:jjenkins@valancourtbooks.com]
**Sent:** Tuesday, June 12, 2018 10:59 AM
**To:** Coles, Angela
**Subject:** Re: Copyright Mandatory Deposit Request of Case#1-6614928581

Dear Angela,

Valancourt Books is a very small publisher (essentially a one-person operation), publishing print-on-demand reprints of old books, many of them in the public domain, and the rest previously published and registered and deposited with the Copyright Office when first published by their original publisher.  And many of the books specified in your demand notice have previously been supplied by us to the Library of Congress in connection with the Cataloging-in-Publication program.

We keep no copies of our books on hand, and I estimate that to comply with your demand and print and ship to you 341 books would cost us in excess of $2,500, an onerous and unreasonably burdensome sum for a small operation such as this one.  I should note that the majority of these books are lucky to sell in the neighborhood of 100 copies each, meaning that we are not making a great deal of money on them and that a $2,500 expense is one we can ill afford.  And we can afford an $85,000 fine, of course, still less.

I would ask that you please withdraw your demand for free copies of these books.  I of course support the laudable goal of preserving books and knowledge, and would be happy to sell copies of any of these titles to the Library of Congress at our cost with no markup, if that would help.

Best regards,

James D. Jenkins
Publisher & Editor
Valancourt Books
http://www.valancourtbooks.com
(804) 873-8528

**From:** "Coles, Angela" <adua@copyright.gov>
**To:** "jjenkins@valancourtbooks.com" <jjenkins@valancourtbooks.com>
**Cc:** "gothic@valancourtbooks.com" <gothic@valancourtbooks.com>
**Sent:** Monday, June 11, 2018 4:43 PM
**Subject:** Copyright Mandatory Deposit Request of Case#1-6614928581

Copyright Mandatory Deposit Request of Case#

Dear Mr. Jenkins,

Please view the attached files.

For more information about Copyright Mandatory  Deposits, please click on the following links:

https://www.copyright.gov/circs/circ01.pdf

https://www.copyright.gov/circs/circ07b.pdf

https://www.copyright.gov/circs/circ07c.pdf

https://www.copyright.gov/circs/circ07d.pdf

https://www.copyright.gov/circs/circ02.pdf

**Please send the deposits to the following address:**

**Michael Lind**
**Library of Congress**
**ATTN: Copyright Acquisitions Division-CAD/AD**
**101 Independence Avenue SE**
**Washington, DC 20559-6601**

**To avoid misrouting, a copy of the notice must be returned with your deposit/package.**

**Please send me a tracking number as soon as you ship the package.**

Please do not hesitate to contact me if you need further assistance.

Thank you,

Sincerely,
**Angela Coles**
Acquisitions Assistant, Copyright Acquisitions Division
U.S. Copyright Office
LM-526
adua@copyright.gov
Tel: 202-707-4591
Fax: 202-707-4435

# EXHIBIT F



**CAD**

**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

# NOTICE FOR MANDATORY DEPOSIT OF COPIES

August 9, 2018

Valancourt Books
Attn: James Jenkins
PO Box 17642
Richmond, VA 23226
United States

Dear Mr. Jenkins:

This document constitutes written demand for the required deposit, under section 407 of the copyright law (17 U.S.C.), of one complete copy (unless otherwise noted) of the best edition of the work(s) cited on the attached deposit notice(s), for the use or disposition of the Library of Congress.

For all works published in the United States under copyright protection, section 407 of the copyright law (17 U.S.C.) obligates the owner of copyright or of the exclusive right of publication/distribution in the work to make the required deposit within three months of publication. Under Federal Regulation 37 CFR 202, the requirement for most classes of literary works (monographs) and sheet music is one copy, although the Copyright Office may demand two copies if the Library deems it necessary, and retains the right to demand a second copy at a later date if one only copy is received. The Register of Copyrights may make written claim for either one or two copies any time after publication. **Please consult individual notice sheet(s) for number of copies required for each title at this time.** The obligation to deposit published works under copyright protection exists regardless of whether copyright registration is sought.

To comply with this Notice and facilitate processing, please send the required copies of the best edition for each title and **enclose the corresponding deposit notices inside each shipment**. You must make the required deposit by the **Statutory Deadline Date of** November 7, 2018. Failure to comply will make you liable to the following penalties prescribed by the copyright law: (1) a fine of up to $250 per work, and (2) the total retail price of the copies demanded. Willful and repeated failure to comply could incur an additional fine of $2,500. If any of the works demanded have not been offered for sale in the United States, or if you are not the owner of copyright or of the exclusive right of publication/distribution, please notify me immediately.

This letter also serves as a reminder that under section 407 of the copyright law you must deposit one copy of each work within three months of publication in the United States. In the future, we encourage you to establish a regular procedure of sending one copy of each work immediately after publication to the Copyright Office. Please see www.copyright.gov/mandatory for more information. You may also want to consider the additional benefits of copyright registration.

We appreciate your cooperation in complying with the deposit requirement of the law and in helping to enrich the collections of the Library of Congress. **If you have any questions, feel free to contact me.**

Michael Lind
Acquisitions Specialist
Copyright Acquisitions Division
Phone: (202) 707-1816; Fax: (202) 707-4435
Email: mlind@copyright.gov

# EXHIBIT G

**CAD**



**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington, DC 20559-6000 · www.copyright.gov

## NOTICE FOR MANDATORY DEPOSIT OF COPIES

Date:   August 9, 2018
Service Request No:   1-6466294560
Statutory Deadline Date:   November 7, 2018

**\* 1 – 6 4 6 6 2 9 4 5 6 0 \***

| | |
|---|---|
| Number of Copies: | 1 |
| Title: | The valancourt book of Victorian christmas ghost stories/  Allen Grove |
| Edition: | Vol. 2 |
| Imprint: | Richmond, VA: Valancourt Books , 2017 |
| ISBN: | 9781943910885 |
| Instructions: | Please send 1 complete copy of the best edition.  For assistance, please contact Michael Lind at 202-707-1816 or mlind@loc.gov |

**Shipping Instructions: To avoid misrouting, a copy of this notice must be returned with your deposit.**

**US Postal Service Mail Only (and only for packages no larger than 12"X18"X4") use this address:**

Copyright Acquisitions Division (CAD)
P.O.Box 71480
Washington, DC 20024-1480

**Private carriers (FedEx, UPS, etc.) and for any package larger than 12"X18"X4" whether USPS or private carrier, use this address:**

Library of Congress
Copyright Office CAD/AD
101 Independence Ave, SE
Washington, D.C. 20559-6601

**Packaging:** If you send an audiotape, videotape, CD, CD-ROM, DVD use a box rather than a soft container to avoid damage in the mail screening process.

If you cannot supply this item, return this notice with the reason indicated below.
Fax: 202-707-4435