UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VALANCOURT BOOKS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 18-1922 (ABJ) |
| KARYN TEMPLE CLAGGETT *in her official capacity as the Acting Register of Copyrights of the U.S. Copyright Office*, et al., | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Valancourt Books, LLC ("Valancourt") is an independent press based in Richmond, Virginia, and it brought this action on August 16, 2018, against defendants Karyn Temple Claggett, in her official capacity as the Acting Register of Copyrights of the United States Copyright Office ("Copyright Office"), and William P. Barr, as Attorney General of the United States,[1] alleging that the Copyright Act provision requiring that two copies of every new work eligible for copyright be deposited with the Copyright Office, 17 U.S.C. § 407, is an unconstitutional taking of private property under the Fifth Amendment and an unconstitutional burden on freedom of speech and freedom of the press under the First Amendment. Compl. [Dkt. # 1] at 1–2. Plaintiff seeks injunctive relief blocking enforcement of the Copyright Office's

---

1  William P. Barr, who replaced Jefferson Beauregard Sessions III as Attorney General in February 2019, is automatically substituted as a defendant under Federal Rule of Civil Procedure 25(d).

mandatory book deposit requirement ("deposit requirement") and declaratory relief that the deposit requirement is unconstitutional.  *Id.* ¶ 5.

The parties agreed to file a stipulation of material facts in lieu of engaging in discovery. *See* Joint Stipulations of Fact [Dkt. # 17-3]; *see also* Mem. in Support of Defs.' Mot. for Summ. J. [Dkt. # 17-1] ("Defs.' Mem.") at 2 n.1, 12.  According to the parties, in March of 2019, the Copyright Office notified plaintiff that Valancourt Books would be permitted to submit the requested copies of 240 works electronically.  Joint Stipulations of Fact ¶ 61; *see also* Pl.'s Suppl. Facts [Dkt. # 19-1] ¶ 7; Decl. of James Jenkins [Dkt. # 19-2] ¶ 10; Defs.' Resp. to Pl.'s Suppl. Facts [Dkt. # 20-2] at 10–11; Pl.'s Reply to Opp. to Pl.'s Cross-Mot. [Dkt. # 23] at 21–22. Defendants further advised the Court:

> While it is correct this willingness was conveyed as a means of settling the present case, it was included in the Joint Stipulation of Facts as a statement of Defendants' present intent:  they are willing to accept electronic versions of the books listed in the Library's demand letter in lieu of physical copies, regardless of whether Plaintiff were to dismiss its legal claims.

Defs.' Combined Mem. in Supp. of Mot. for Summ. J. and Opp. to Pl.'s Cross-Mot. [Dkt. # 20] at 20 n.8.

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction.").  Subject matter jurisdiction may not be waived, and "courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982).  Indeed, a federal court must raise the issue because it is "forbidden . . . from acting beyond [its] authority, and 'no action of the parties can confer

subject-matter jurisdiction upon a federal court.'"  *Id.*, quoting *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).

For these reasons, the Court must assure itself that this matter presents a live controversy to be resolved.  It is therefore **ORDERED** that the parties must each file a supplemental submission by December 22, 2020, addressing whether the defendants' offer renders the dispute moot.  The defendants must also clarify whether their stated willingness to accept electronic copies in lieu of physical copies applies only to the 240 works requested in the August 2018 updated demand letter or whether it covers works to be published in the future as well.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE: December 11, 2020