IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALANCOURT BOOKS, LLC, | ) |
| | ) Civil Action No. 1:18-cv-01922-ABJ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHIRA PERLMUTTER, in her official | ) |
| capacity as Register of Copyrights, United | ) |
| States Copyright Office *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' CLOSING MEMORANDUM OF LAW REGARDING REMEDIES**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

    I.    Relief That Is Broader Than Necessary to Remedy the Harm That Plaintiff Alleges It Suffered Would Not Be Consistent With Article III Limits or Principles of Equity ................................................................................................ 1

    II.    Plaintiff Lacks Standing to Obtain Relief Based on a Hypothetical Future Application of Section 407 to Plaintiff, Which Is Also Unripe .............................. 3

    III.    Determining the Scope of Appropriate Relief Here Does Not Require the Court to Assess Hypothetical Applications of Section 407 Not Presented Here ................................................................................................................... 5

CONCLUSION ........................................................................................................................... 7

# INTRODUCTION

The sole appropriate remedy in this constitutional challenge is relief limited to this case's specific circumstances.  The D.C. Circuit held that the specific demand to Plaintiff by the United States Copyright Office for physical copies of 240 books was inconsistent with the Takings Clause, and it remanded to this Court to fashion appropriate relief.  As explained previously, relief that is broader than necessary to remedy the sole harm that Plaintiff alleges would run afoul of both Article III limitations and established equitable principles.  Plaintiff has all but conceded that relief beyond the parties before this Court would not be consistent with Article III or with principles of equity.  Moreover, those same principles also establish that Plaintiff does not have standing to obtain forward-looking relief based on hypothetical future applications of Section 407 of the Copyright Act, and that its request for such relief is not ripe.  Contrary to Plaintiff's assertion, determining the appropriate scope of relief here does not require the Court to adjudicate potential future applications of the reasoning in the D.C. Circuit's opinion to circumstances that this case does not present.  The D.C. Circuit resolved the case before it and instructed this Court to award appropriate relief, and this Court should simply award relief consistent with that decision.  Defendants thus respectfully request that relief be limited to a declaration that the Copyright Office's August 2018 demand to Plaintiff was unlawful and an injunction prohibiting Defendants from enforcing Section 407 with respect to that demand.

# ARGUMENT

**I.    Relief That Is Broader Than Necessary to Remedy the Harm That Plaintiff Alleges It Suffered Would Not Be Consistent With Article III Limits or Principles of Equity.**

As Defendants' opening brief explained, Article III and equitable principles limit the scope of appropriate relief here.  Defs.' Mem. of Law Regarding Remedies at 6-10, ECF No. 36 (Defs.' Mem.).  Stated succinctly, under Article III, "[a] plaintiff's remedy must be tailored to redress the

1

plaintiff's particular injury," *Gill v. Whitford*, 585 U.S. 48, 72-73 (2018), and similarly, principles of equity require that "[a]n injunction must be narrowly tailored to remedy the specific harm shown." *Neb. Dep't of Health & Hum. Servs. v. HHS*, 435 F.3d 326, 330 (D.C. Cir. 2006) (citation omitted). The specific harm shown by the plaintiff in this case results solely from the application of a specific demand (the August 2018 demand letter) to the sole plaintiff in this action (Valancourt). That specific injury will be fully redressed by a declaration that the August 2018 demand was not consistent with the Takings Clause, and by an injunction prohibiting Defendants from enforcing Section 407 based on that demand. The narrow-tailoring requirement imposed by Article III and equitable principles is not consistent with any broader form of relief.

Plaintiff fails either to demonstrate that it has Article III standing to obtain relief that runs to non-parties or that relief benefitting such non-parties is necessary to remedy the specific harm it alleges it has incurred. Indeed, Plaintiff largely fails to argue that an injunction benefitting non-parties would be within the scope of Article III. Plaintiff's response is limited to two tangential arguments, neither of which has merit. Pl.'s Mem. of Law Regarding Remedies at 13-14, ECF No. 37 (Pl.'s Mem.). First, while acknowledging the extensive body of case law cited by Defendants to show the limits imposed by Article III and equitable principles on the scope of relief, Plaintiff nonetheless attempts to cabin this body of case law to "the context of preliminary injunctions." *Id*. at 13. But the vast majority of these decisions did not arise in the context of preliminary-injunction proceedings. Second, Plaintiff attempts to evade the requirements of Article III standing by requesting declaratory (rather than injunctive) relief that extends beyond the parties to this case. *Id*. at 13-14. That attempt fails because a declaratory judgment is still a "form of relief [that] conclusively resolves 'the legal rights *of the parties*.'" *Haaland v. Brackeen*, 599 U.S. 255, 293 (2023) (emphasis in original) (citation omitted); *see also id*. (explaining that

state officials "would not be bound by the [declaratory] judgment" sought by plaintiffs because they were "nonparties" to the action). A plaintiff "must demonstrate standing . . . for each form of relief that [it] seek[s] (for example, injunctive relief and damages)," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021) (citations omitted), and here, Plaintiff has failed to establish that it has standing to obtain a declaratory judgment on behalf of non-parties.[1]

## II. Plaintiff Lacks Standing to Obtain Relief Based on a Hypothetical Future Application of Section 407 to Plaintiff, Which Is Also Unripe.

Plaintiff focuses most of its response on arguing that a broader injunction is necessary to prevent hypothetical future applications of Section 407 to Plaintiff. The D.C. Circuit appropriately and narrowly resolved the case before it and instructed this Court to award appropriate relief "commensurate with the parameters of [its] resolution." *Valancourt Books, LLC v. Garland*, 82 F.4th 1222, 1239 (D.C. Cir. 2023). This Court should comply with that mandate by awarding the relief that flows from the issues that the court of appeals resolved.

It would be inappropriate for the Court to go further and issue an injunction related to future hypothetical disputes. As Defendants' opening brief demonstrated, Plaintiff lacks standing to obtain such relief. Defs.' Mem. at 7. To the extent that Plaintiff "request[s] forward-looking relief, [it] must face 'a real and immediate threat of repeated injury,'" requiring Plaintiff to "show a substantial risk that, in the near future," it will receive a Section 407 demand letter. *Murthy v. Missouri*, 144 S. Ct. 1972, 1986 (2024) (citation omitted). Plaintiff cannot make such a showing

---

[1] Plaintiff misplaces its reliance on an unpublished case, *Blue Cross & Blue Shield Ass'n v. Shalala*, 1996 WL 636131 (D.D.C. Aug. 27, 1996), that involved a challenge to an agency regulation rather than a statute, and that is in any case inconsistent with later Circuit precedent. *See, e.g.*, *Neb. Dep't of Health & Hum. Servs.*, 435 F.3d at 330 (citing *Va. Soc'y for Human Life, Inc. v. FEC*, 263 F.3d 379, 393 (4th Cir. 2001), for the proposition that the district court in that case "should not have enjoined [the] agency from applying [the] challenged regulation to any party when 'an injunction covering plaintiff alone adequately protects it from the feared prosecution'").

because as stated previously, Defendants have no intention of making another demand on Plaintiff under Section 407, either for any of the works listed in prior demand letters or for any other works published by Plaintiff to date.  Defs.' Mem. at 7.  And for similar reasons, any claim for relief based on a hypothetical future application of Section 407 to Plaintiff is unripe.  *Id*. at 11-13.

None of Plaintiff's three counterarguments demonstrate standing to challenge such a conjectural future application of Section 407 or that such a challenge is ripe.  Pl.'s Mem. at 7-8.  First, Plaintiff merely observes that it has received a Section 407 demand in the past.  But "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (citation omitted).  Because Plaintiff fails to demonstrate any such continuing adverse effects, "to enjoin a future act, [it] must assert factual allegations showing that [it] 'is immediately in danger of sustaining some direct injury' that is both 'real and immediate.'" *Ellis v. IRS*, 316 F.R.D. 8, 11 (D.D.C. 2013) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  Plaintiff fails to assert such facts.  And in light of Defendants' express statement that they have no intention of making another demand on Plaintiff under Section 407, Plaintiff cannot establish that it is in immediate danger of receiving a Section 407 demand for other works it has published to date.[2]

Second, Plaintiff alleges that the Copyright Office decides whether to send demand letters by consulting a written policy governing the materials it plans to acquire for use or disposition by

---

[2] These circumstances distinguish this case from *Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014), cited by Plaintiff, in which the existence of a state corrections department's written policy of reading inmates' legal mail sufficed to allege, at the motion to dismiss stage of a *pro se* plaintiff's case, that the inmate-plaintiff faced a real and immediate threat of having his legal mail read. *See id*. at 911.  And unlike *Nordstrom*, the burden that Plaintiff must satisfy to establish standing to obtain permanent injunctive relief is well above the low bar required of a *pro se* plaintiff to defeat a motion to dismiss.

the Library of Congress, and that the Office has a written policy of continuing to demand physical materials from persons who have acquired exclusive publication rights in copyrighted works by agreement; Plaintiff also alleges that its books fall within the categories established by these policies. But the mere existence of a governmental policy that might be applied in the future to a plaintiff does not confer standing unless that plaintiff shows that it is "likely to be subjected to the policy again." *Haase v. Sessions*, 835 F.2d 902, 911 (D.C. Cir. 1987). In light of Defendants' express statement regarding Plaintiff, as explained above, Plaintiff cannot make any such showing.

Third, Plaintiff alleges that it is entitled to injunctive relief on a prospective basis because, it contends, the balance of the equities favors Plaintiff and because the government can have no interest in acting unlawfully. But a plaintiff may not evade the strictures of Article III standing and obtain forward-looking relief simply by invoking the balance of the equities. *See Murthy*, 144 S. Ct. at 1977 (to "obtain forward-looking relief," a plaintiff must "establish a substantial risk of future injury" by "proffer[ing] evidence that the defendants' 'allegedly wrongful behavior would likely occur or continue'") (citation omitted). And in any event, Plaintiff is mistaken because any time "a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (citation omitted). Plaintiff thus fails to satisfy its burden of establishing standing or ripeness to obtain injunctive relief based on a hypothetical future application of Section 407.

### III. Determining the Scope of Appropriate Relief Here Does Not Require the Court to Assess Hypothetical Applications of Section 407 Not Presented Here.

Plaintiff expends much of its brief attempting to parse what it believes to be the implications of the D.C. Circuit's reasoning in its opinion, and to apply those implications to future hypothetical applications of Section 407. *See* Pl.'s Mem. at 9-13. For multiple reasons, the Court

5

should decline Plaintiff's invitation to adjudicate hypothetical future applications of the D.C. Circuit's opinion to circumstances not specifically presented by this case.[3]

Initially, a "longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Camreta v. Greene*, 563 U.S. 692, 705 (2011) (citation omitted); *see also Ashwander v. TVA*, 297 U.S. 288, 346-47 (1936) (Brandeis, J., concurring). The "strong duty" of federal courts "to avoid constitutional issues that need not be resolved in order to determine the rights of the parties to the case under consideration," *Cnty. Ct. of Ulster Cnty. v. Allen*, 442 U.S. 140, 154 (1979), counsels against awarding relief that is unnecessary to resolve this constitutional challenge, and that is instead based on hypothetical future applications of the challenged statutory provision.

This is especially true because the D.C. Circuit specifically stated that its decision was "tied to the particular . . . circumstances in which the Copyright Office enforced Section 407" against Plaintiff, namely, "by issuing a demand letter indicating no option other than surrendering the property at issue or paying a fine, and in which Valancourt had no indication from any other source of the existence of a costless option to disavow copyright protection and thereby avoid complying with the sole options described in the demand letter." *Valancourt Books*, 82 F.4th at 1239. That court repeatedly emphasized that its holding was limited to the Copyright Office's particular application of Section 407 to the circumstances of this case. *See id*. at 1226 ("We conclude that

---

[3] *Am. Council of the Blind v. Mnuchin*, 977 F.3d 1 (D.C. Cir. 2020), cited by Plaintiff, does not suggest the contrary. That case actually rejected a plaintiff's contention that a district court's denial of a Rule 60(b) motion to modify an injunction was inconsistent with the mandate rule. *See also id*. at 6 ("The law of the case doctrine—of which the mandate rule is a species—'does not seek to sweep under its coverage all possible issues arising out of the facts of the case.'") (citation omitted). As explained below, declining Plaintiff's invitation to try to discern hypothetical applications of the D.C. Circuit's opinion to circumstances not presented here is consistent with "the spirit [and] express terms" of that opinion's holding. *Id*. at 5.

6

Section 407, *as applied* by the Copyright Office *in this case*, worked an unconstitutional taking of Valancourt's property.") (emphasis added); *id*. at 1238-39 (stating that "*in the circumstances*, the Copyright Office's enforcement of Section 407 against Valancourt" was unlawful, and holding only that "*the way* the Copyright Office enforced Section 407 against Valancourt works a taking") (emphasis added).  Consequently, "if it is not necessary [for this Court] to decide more, it is necessary not to decide more."  *PDK Lab'ys Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment).

Finally, to the extent that Plaintiff invites this Court to apply the reasoning of the D.C. Circuit's opinion to hypothetical future applications of Section 407, it seeks an advisory opinion. The case-or-controversy requirement of Article III prohibits the Court from issuing an opinion concerning the validity of such applications.  *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("The federal courts established pursuant to Article III of the Constitution do not render advisory opinions.") (internal edits omitted).[4]

## CONCLUSION

For the reasons stated above and in Defendants' opening brief, the Court should limit its remedy to (1) a declaration that the Copyright Office's August 2018 demand that Plaintiff provide physical copies of 240 books was inconsistent with the Takings Clause; and (2) an injunction prohibiting the Copyright Office from enforcing Section 407 with respect to the August 2018 demand to Plaintiff.

---

[4] In any event, Plaintiff's suggested injunction seeking relief as to Plaintiff "or anyone similarly situated," Pl.'s Mem. at 15, is inappropriate on multiple grounds.  An award of permanent relief covering entities similarly situated to a named plaintiff is not warranted where no class has been certified.  *See Jean-Baptiste v. Dist. of Columbia*, 958 F. Supp. 2d 37, 50 (D.D.C. 2013).  Plaintiff's proposed injunction also violates the specificity requirements of Fed. R. Civ. P. 65.  *See Common Cause v. Nuclear Regul. Comm'n*, 674 F.2d 921, 926 (D.C. Cir. 1982) (vacating injunction directing agency to open to the public all meetings "similar in nature" to specific past meeting).

Dated:  July 19, 2024								Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

  /s/  Daniel Riess
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
Tel: (202) 353-3098
Daniel.Riess@usdoj.gov
*Attorneys for Defendants*