**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| VALANCOURT BOOKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-1922 (ABJ) |
| | ) | |
| SHIRA PERLMUTTER | ) | |
| *in her official capacity as the* | ) | |
| *Register of Copyrights* | ) | |
| *of the U.S. Copyright Office*, *et al.*, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Valancourt Books, LLC ("Valancourt") is an independent press based in Richmond, Virginia.  Compl. [Dkt. # 1] ¶ 11.  In June 2018, Valancourt received an email from defendant, the U.S. Copyright Office, demanding that Valancourt deposit one physical copy of each of 341 works with the Library of Congress, pursuant to 17 U.S.C. § 407 ("Section 407").  Compl. ¶¶ 46–48, 56.  On August 9, 2018, defendant revised the number of requested books to 240 in an updated demand letter ("August 2018 Demand Letter").  *See* Ex. D to Compl. [Dkt. # 1-7].  The letter stated that Valancourt would be fined up to $250 per work, plus the total retail price of the copies if it refused, and that it could face an additional fine of $2,500 for willful and repeated non-compliance.  Compl. ¶ 47.

---

1    The suit was originally brought against Karyn Temple Claggett, the previous Acting Register of Copyrights, and Merrick Garland, former Attorney General.  Perlmutter and Attorney General Bondi were substituted as defendants.  *See* Dkt. # 42.

On August 16, 2018, plaintiff brought this action, alleging that Section 407 violates the Takings Clause of the Fifth Amendment and the Free Speech Clause of the First Amendment. *See* Compl. ¶ 1. Valancourt sought a declaration that Section 407's mandatory deposit requirement was unconstitutional and a permanent injunction blocking enforcement of the mandatory deposit requirement. *See* Compl. at 16.

The parties cross-moved for summary judgment. [Dkt. # 17-23]. On July 23, 2021, the Court granted defendants' motion and denied plaintiff's motion. *Valancourt Books, LLC v. Perlmutter*, 554 F. Supp. 3d 26, 42 (D.D.C. 2021) ("*Valancourt I*"). The Court held that Section 407's deposit requirement was not an unconstitutional taking but a voluntary exchange in return for federal copyright protection. *Id*. at 33–39. The Court also held that the requirements did not unduly burden speech. *Id*. at 39–42.

Plaintiff appealed. In August 2023, the D.C. Circuit reversed, ruling that the mandatory deposit requirement, as applied by the Copyright Office against Valancourt, was an uncompensated taking in violation of the Fifth Amendment. *Valancourt Books, LLC v. Garland*, 82 F.4th 1222, 1239 (D.C. Cir. 2023) ("*Valancourt II*").[2] The Court determined that the deposit requirement in Section 407 violates the Takings Clause because it authorizes the government to "directly appropriate[] private property for its own use." *Id*. at 1231 (citation omitted). However, the Circuit emphasized that its decision was "tied to the particular circumstances" of the case before it, that is:

---

2    The D.C. Circuit declined to rule on Valancourt's First Amendment claim. *Valancourt II*, 82 F.4th at 1239.

> [T]he Copyright Office enforced Section 407 by issuing a demand letter indicating no option other than surrendering the property at issue or paying a fine, and in which Valancourt had no indication from any other source of the existence of a costless option to disavow copyright protection and thereby avoid complying with the sole options described in the demand letter.

*Id*. at 1239.  The Court remanded the case, stating that it would "leave it to the district court and the parties to fashion relief commensurate with the parameters of our resolution."  *Id*.

Upon remand, the Court entered summary judgment in favor of plaintiff.  *See* Minute Order (Dec. 28, 2023).  The Court then ordered briefing on the scope of the remedy to which plaintiff is entitled, *see* Minute Order (May 20, 2024), to which both parties have responded.  *See* Defs.' Mem. of Law Regarding Remedies [Dkt. # 36] ("Defs.' Mem."); Pl.'s Mem. of Law Regarding Remedies [Dkt. # 37] ("Pl.'s Mem."); Defs.' Closing Mem. of Law Regarding Remedies [Dkt. # 38]; Pl.'s Closing Mem. of Law Regarding Remedies [Dkt. # 39].

Both parties agree that plaintiff is entitled to declaratory and injunctive relief as it relates to the April 2018 Demand Letter.[3]  But they dispute whether plaintiff's claim for injunctive relief against *future* demands is justiciable.  And if so, the parties disagree as to whether the injunction should specifically enjoin defendants from utilizing the enforcement mechanisms described in an April 2024 letter sent by then-U.S. Solicitor General Elizabeth B. Prelogar to Mike Johnson, Speaker of the House of Representatives.  *See* April 12, 2024 Letter from Solicitor General Elizabeth B. Prelogar to House Speaker Mike Johnson ("Prelogar Letter") at 3.  The Prelogar Letter informs Congress of the Department of Justice's decision not to seek Supreme Court review of the

---

3    Following the Supreme Court's ruling in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), plaintiff withdrew its request for an injunction preventing enforcement of Section 407 against any entity other than Valancourt itself.  *See* Pl.'s Notice of Supp. Auth. [Dkt. # 40] at 1.  The Court will evaluate the request for injunctive relief as to Valancourt only.

D.C. Circuit's decision in *Valancourt II*. [4]  The letter explains that one reason the Department did not pursue further review was because the "Copyright Office can continue to implement Section 407 by modifying the Office's practices in a manner that will avoid the concerns identified by the D.C. Circuit while still effectuating Section 407's goal of supporting the Library of Congress's collection."

Defendants contend that only the Copyright Office's demand for physical copies in the August 2018 Letter is impermissible, and that the potential future enforcement methods described in the Prelogar Letter cannot be enjoined.  *See* Defs.' Mem. at 14.  Plaintiff requests a much broader injunction that "make[s] clear that demands for physical books are unconstitutional even if the recipient can escape them by shouldering other costs."  Pl.'s Mem. at 15.  This issue is not presented by the instant case, though, and the Court will issue an injunction that is consistent with the D.C. Circuit's instructions and its delineation of the parameters of the case.

## STANDARD OF REVIEW

Article III of the Constitution and equitable principles limit the scope of the relief a trial court may issue.  Under Article III, "[a] plaintiff's remedy must be tailored to redress the plaintiff's particular injury."  *Gill v. Whitford*, 585 U.S. 48, 72–73 (2018).  Or as the D.C. Circuit put it, "[a]n injunction must be narrowly tailored to remedy the specific harm shown."  *Neb. Dep't of Health & Hum. Servs. v. HHS*, 435 F.3d 326, 330 (D.C. Cir. 2006); *see also Gulf Oil Corp. v. Brock*, 778

---

4     The Prelogar Letter goes on to state that the Copyright Office planned to enforce Section 407 by (1) continuing to make mandatory deposit demands on "persons who have acquired exclusive publication rights in copyrighted works . . . through voluntary commercial transactions"; (2) "offer[ing] copyright owners and publishers the option to provide deposits in electronic form" as an alternative to physical deposits; and (3) permitting copyright holders to avoid the mandatory deposit requirement by "provid[ing] the Office with information reflecting . . . abandonment of [their] copyright."  Prelogar Letter at 2–3, available at https://www.justice.gov/d9/2024-04/04.12.24.%20--%20Valancourt%20Books%20LLC%20530D%20Letter.pdf.

F.2d 834, 842–43 (D.C. Cir. 1985) (finding that the district court's injunction was overbroad when it prohibited disclosure not only of a plan in question but also of all "substantially similar" documents).

## ANALYSIS

I.   **Limiting Valancourt's Relief to the August 2018 Demand Letter Is Consistent with the D.C. Circuit's Opinion in Valancourt II And Fully Redresses The Specific Injury In This Case.**

As noted above, the D.C. Circuit took care to clarify that its holding was limited to defendant's application of Section 407 to this particular case.  *See Valancourt II*, 82 F.4th at 1226 ("We conclude that Section 407, as applied by the Copyright Office *in this case*, worked an unconstitutional taking of Valancourt's property.") (emphasis added), and *id*. at 1238 (providing that "*in the circumstances*, the Copyright Office's enforcement of Section 407 against Valancourt worked an unconstitutional taking of property.") (emphasis added).  Thus, to comply with the direction to award relief commensurate with the scope of the appellate decision, the Court is obliged to remedy the harm identified and nothing more.

The injury recognized by the D.C. Circuit results solely from the application of a single demand letter—namely, the August 2018 Demand Letter—to Valancourt.  That specific injury will be fully redressed by a declaration that the August 2018 Demand Letter violated the Takings Clause and an injunction prohibiting defendants from enforcing that demand for copies of plaintiff's publications under penalty of fines and other monetary sanctions.

II.   **Valancourt Lacks Standing to Obtain Future Relief Based on Hypothetical Enforcement Actions.**

Because "[a]n injunction must be narrowly tailored to remedy the specific harm shown," *Aviation Consumer Action Project v. Washburn*, 535 F.2d 101, 108 (D.C. Cir. 1976), the party

seeking an injunction must show that their desired relief satisfies the justiciability requirements of standing, ripeness, and non-mootness. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021). When a plaintiff seeks "forward-looking relief, [it] must face a 'real and immediate threat of repeated injury.'" *Murthy v. Missouri*, 603 U.S. 43, 58 (2024), citing *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). Here, plaintiff cannot make that showing, and therefore it has not established standing to seek an injunction against future harm. Defendants have stated that they "have no intention of making another demand on [Valancourt] under Section 407, either for any of the works listed in prior demand letters for any other works published by [Valancourt] to date." Defs.' Mem. at 7.

Nonetheless, Valancourt contends that its injury extends beyond the April 2018 Demand Letter because it "reasonably fear[s]" the government will enforce Section 407 against it. Pl.'s Closing Mem. at 1 ("The government's threat letter is simply evidence that this feared enforcement was likely.") (emphasis omitted). But there is no evidence in the record that defendants will issue a future demand letter to Valancourt; in fact, there is evidence supporting the opposite conclusion. *See* Defs.' Mem. at 7. And even if defendants were to issue a future demand letter, there is no basis for knowing what that demand letter might seek and on what basis, or what mechanisms, if any, defendants might threaten or deploy in order to enforce the demand. It is also unknown whether any future enforcement actions defendants may or may not take would be consistent with or contrary to the D.C. Circuit's opinion in *Valancourt II*. In other words, it is impossible to know whether Valancourt will suffer an injury in the future, much less whether that injury will be an irreparable one. The mere existence of the Prelogar Letter, which sets forth possible enforcement actions the prior administration believed it could take, is insufficient to establish that future harm is likely to occur. "[M]ore than a nebulous assertion of the existence of a 'policy' is required to

establish standing.  The plaintiffs must not only demonstrate its existence but also that they are likely to be subjected to the policy again." *Haase v. Sessions*, 835 F.2d 902, 911 (D.C. Cir. 1987). In short, not only would future relief exceed the scope of the remand, but Valancourt has failed to support an award of injunctive relief beyond the April 2018 Demand Letter.[5]

### CONCLUSION

For the reasons set forth above, the Court will award relief as follows: (1) a declaration that the Copyright Office's August 2018 Demand Letter violates the Takings Clause; (2) a declaration that the August 2018 Demand Letter is null and void; and (3) an injunction prohibiting the Copyright Office from enforcing the August 2018 Demand Letter purporting to implement Section 407 with a demand for copies of plaintiff's publications under the threat of fines and other monetary sanctions.  A separate order will issue.

_____
AMY BERMAN JACKSON
United States District Judge

DATE:  March 25, 2026

---

5       The Court notes that Valancourt's request for injunctive relief in the complaint requests a "permanent injunction against enforcement of the mandatory deposit requirement."  Compl. [Dkt. # 1] at 16.  The party seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved."  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).  Valancourt has not attempted to establish any of the factors that would support a permanent injunction in this case.

7